IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIE JAMES JONES, | ) | |
| Plaintiff, | ) ) ) | 8:05cv233 |
| vs. | ) ) ) | ORDER ON INITIAL REVIEW |
| DOUGLAS COUNTY CORRECTIONS CENTER, et al., | ) ) ) | |
| Defendants. | ) | |

      This matter is before the court for initial review[1] of the complaint filed by the plaintiff, Willie James Jones, who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff has been released from custody. However, because he filed his complaint while he was in prison, the Prison Litigation Reform Act ("PLRA") applies to this case.

      Because the plaintiff is now a nonprisoner, he must submit a new motion to proceed IFP. If the court grants the motion, the plaintiff will have no remaining liability for any unpaid part of the filing fee. The Clerk of Court will send the plaintiff a new application to proceed IFP which the plaintiff may use to submit his new IFP motion. If, now that he is no longer in DCCC custody, the plaintiff intends not to pursue this action and if he prefers to allow the case to be dismissed without prejudice, he may simply decline to submit the new IFP application, or he may write to the court to indicate an interest in voluntary dismissal of the case without prejudice.

      The plaintiff alleges that, while incarcerated at the Douglas County Correctional Center ("DCCC"), he was denied a job as a trustee for discriminatory reasons, possibly in retaliation for the exercise of his First Amendment rights because he had filed one or more lawsuits about prison conditions. However, because the PLRA applies, the plaintiff cannot recover damages for emotional distress unless he also sustained a physical injury. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

      In addition, 42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison.

---

[1] The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, restricts remedies, and dictates procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A (screening of prisoner complaints).

42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff at DCCC, and the plaintiff did not use the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

This case is assigned to the docket of District Judge Laurie Smith Camp. However, a Magistrate Judge may conduct initial review. I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1.  The Clerk of Court shall send the plaintiff a copy of this Order, an Application to proceed IFP and two summons forms together with two Form 285s.

2.  If the plaintiff intends to pursue this case, he shall return the completed IFP application, summons forms and Form 285s by November 30, 2005. In the absence of the completed forms by November 30, 2005, this case will be dismissed without prejudice.

3.  When completing the forms for service of process on defendant-Douglas County (i.e., DCCC - which means Douglas County), the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." The address of the County Clerk is: Douglas County Clerk, 1819 Farnam Street H08, Omaha, NE 68183.

4.  When completing the forms for service of process on defendant-State of Nebraska, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "(1) The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General." The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

5.  Upon receipt of the completed summons and 285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. A plaintiff proceeding IFP does not have to copy the complaint; the court will do so on the plaintiff's behalf. The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. Because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. However, as stated, the completed forms must be returned to the court by November 30, 2005, to avoid dismissal without prejudice.

7. If the forms are not received by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

8. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

9. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

10. A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint.

11. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

12. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 24th day of October, 2005.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge