IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIE JAMES JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv233 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DOUGLAS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Filing No. 19, the Motion to Dismiss filed by defendant-Douglas County, Nebraska. The plaintiff alleges that the policy at the Douglas County Correctional Center ("DCCC") by which trustees are selected from among inmate applicants violates the Equal Protection Clause of the United States Constitution.

The defendant contends that the plaintiff has failed to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). However, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.)

In addition, the defendant argues that the plaintiff has not established exhaustion of administrative remedies in compliance with 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"). In particular, the defendant complains that the plaintiff omitted any

reference to an appeal of his Step One grievance. However, it is the defendant's responsibility to establish that the plaintiff failed to complete exhaustion of administrative remedies. "[R]eliance upon the PLRA exhaustion requirement is an affirmative defense under Fed. R. Civ. P. 8(c)." Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001). "It is the burden of the defendant asserting this affirmative defense to plead and prove it." Id. Accord Casanova v. Dubois, 304 F.3d 75, 78 n.3 (1st Cir. 2002): "[T]he vast majority of circuit courts have characterized PLRA exhaustion as an affirmative defense." See also Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002): "[I]t is the burden of the defendant in a case such as this to show that a plaintiff prisoner failed to exhaust all available administrative remedies under the PLRA."

Accordingly, Filing No. 19, the Motion to Dismiss filed by defendant-Douglas County, Nebraska, is denied. The defendant shall answer the complaint within twenty (20) days of the date of this Order.

IT IS SO ORDERED.

DATED this 1st day of June, 2006.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge